## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

STANLEY RAY HUNT,                                              PLAINTIFF

v.                              4:13CV00740-BSM-JJV

RODRICK CONES; *et al.*                                        DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District

Judge Brian S. Miller.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis

for the objection.  If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations.  The copy will be furnished to the

opposing party.   Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before either the District Judge

or Magistrate Judge, you must, at the time you file your written objections, include the

following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted) was not offered at  the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

## I.      **INTRODUCTION**

Stanley Ray Hunt ("Plaintiff") brought this action *pro se*, pursuant to 42 U.S.C. § 1983. He claims that, as a result of Defendants' negligence, inmate Rodrick Cones[1] attacked and injured him. Defendants have filed a Motion to Dismiss ("Motion") arguing that Plaintiff has failed to state any claim upon which relief can be granted (Doc. No. 13).[2] After

---

[1]Mr. Cones was initially named as a defendant to this action. The Court has since dismissed all of Plaintiff's claims against him (Doc. Nos. 4, 11). The Court also dismissed Plaintiff's official capacity claims against Defendants Huffman, Lasker, and Randall (*Id*.). Accordingly, only Plaintiff's individual capacity claims remain against Defendants.

[2]The Court notes that Plaintiff has not responded to the pending motion. The last three mailings sent to Plaintiff have been returned as undeliverable (Doc. Nos. 17, 18, 19). Plaintiff has failed to update his address in accordance with Local Rule 5.5(c)(2).  Accordingly, the Court will not enter an order directing Plaintiff to respond.

2

review of the pleadings, the Court finds that Defendants' Motion should be GRANTED.

## II.    UNDISPUTED FACTS

Plaintiff brought this action against Defendants for negligently housing inmate Cones near his cell at the Faulkner County Detention Center (Doc. No. 2 at 4). Plaintiff alleges that on November 11, 2013, Mr. Cones entered his cell and attacked his cell mate (*Id.*). Plaintiff states he tried to intervene on behalf of his cell mate and was injured by Mr. Cones (*Id.*). Plaintiff claims that Mr. Cones was previously relocated from the cell block due to a history of violence, but was moved back due to the 'negligence' of detention center staff (*Id.*). While they are specifically named as defendants, Sergeant Huffman, Lieutenant Lasker, and Major Randall go unmentioned in Plaintiff's statement of claim, and Plaintiff does not allege their specific involvement in the relevant incident (*Id.*).

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) [*overruling Conley v. Gibson*, 355 U.S. 41 (1967)], and setting a new standard for failure to state a claim upon which relief may be granted], the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to

relief that is plausible on its face. *Twombly*, 550 U.S. at 570. *See also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## IV.   ANALYSIS

Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted as to Defendants Huffman, Lasker, and Randall. Specifically, they argue that Plaintiff has: (1) failed to allege any personal involvement on the part of Defendants; (2) he has failed to state a cause of action which may proceed under § 1983; and (3) none of the Defendants caused Plaintiff to intervene in the fight between his cell mate and Cones. The Court examines each argument in turn.

### A.   No Individual Capacity Claim

Defendants argue that there must be an allegation of personal involvement for § 1983 liability to attach to supervisory defendants. They are correct. In order to establish personal liability for a supervisory defendant, a plaintiff "must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). A supervisor may also incur liability under § 1983 if their corrective inaction constitutes deliberate indifference toward the alleged violation of constitutional rights. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Here, Plaintiff has failed to allege either personal involvement or corrective inaction on the part of Defendants. Rather, he alleges only that unspecified "detention center staff" were negligent in returning inmate Cones to cell 214 (Doc. No. 2 at 4). This is insufficient to state a claim against Defendants under § 1983.

### B.      Negligence Not Actionable Pursuant to 42 U.S.C. § 1983

Defendants further argue that negligence is not a cognizable cause of action under § 1983. Here too, they are correct. Negligence, even gross negligence, is not actionable under § 1983. *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005). Plaintiff's allegations do not extend beyond negligence in the present case. As noted above, he alleges only that unspecified members of the Faulkner County Detention Center staff were negligent in their placement of inmate Cones near Plaintiff's cell. Assuming the truth of these negligence allegations, Plaintiff's claims still fail to allege a cognizable claim under § 1983.

### C.      Intentional Act Requirement

Defendants' last argument is that, per Plaintiff's own allegations, he intervened in the altercation between his cell mate and inmate Cones of his own volition, without involvement or direction from any named Defendant. Accordingly, no act on the part of Defendants 'subjected' Plaintiff to a deprivation of his constitutional rights. This mirrors Defendants' earlier argument regarding supervisory liability. In the absence of allegations that Defendants had personal involvement in or direct responsibility for the incident in question, Plaintiff's § 1983 claims against them fail.

## V.      CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.      Defendants' Motion to Dismiss (Doc. No. 13) should be GRANTED;

2.      Plaintiff's claims against Defendants Huffman, Lasker, and Randall be dismissed with prejudice.

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis

appeal from any Order adopting these recommendations and the accompanying Judgment

would not be taken in good faith.

DATED this 8th day of May, 2014.


JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE